**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TARINA J. WILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-041-FHS-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Tarina J. Wiley (the "Claimant") requests judicial
review of the decision of the Commissioner of the Social Security
Administration (the "Commissioner") denying Claimant's application
for disability benefits under the Social Security Act.  Claimant
appeals the decision of the Administrative Law Judge ("ALJ") and
asserts that the Commissioner erred because the ALJ incorrectly
determined that Claimant was not disabled.  For the reasons
discussed below, it is the recommendation of the undersigned that
the Commissioner's decision be REVERSED and REMANDED for further
proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment. . ."
42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on July 7, 1963 and was 46 years old at the time of the ALJ's decision.  Claimant attended school through the eighth grade with special education classes.  Claimant has worked in the past as a postal worker.  Claimant alleges an inability to work beginning June 1, 2004 due to limitations resulting from anxiety, depression, lung problems, fibromyalgia, carpel tunnel syndrome, and pancreas problems.

## Procedural History

On July 8, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On December 3, 2009, an administrative hearing was held before ALJ Deborah Rose in Tulsa, Oklahoma.  On February 16, 2010, the ALJ issued an unfavorable decision on Claimant's applications.  The Appeals Council denied review of the ALJ's decision on December 1, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the evidence; (2) failing to consider all of

Claimant's severe impairments; (3) failing to include all limitations in her questioning of the vocational expert at step five; and (4) engaging in a faulty credibility evaluation.

### Evaluation of the Opinion Evidence

In her decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia, depression, anxiety, and rule out borderline intellectual functioning. (Tr. 18). She also found Claimant retained the RFC to perform medium work except that she could interact superficially with co-workers and supervisors, was limited to only occasional contact with the public, and her work must consist of only simple, routine tasks. (Tr. 20). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of janitor, housekeeper, and bench assembler. The vocational expert testified that these jobs existed in sufficient numbers in the national and regional economies. (Tr. 24).

Claimant contends the ALJ failed to state the weight he gave to opinion evidence which would have supported her claim of disability while giving great weight to the opinion evidence which supported a finding of non-disability. The ALJ gave the opinion of Dr. Sharon Taber the "greatest weight." (Tr. 23). Dr. Taber completed a Mental RFC Assessment form on Claimant on September 30,

2008. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 329-30). She also found moderate limitation in the area of the ability to maintain attention and concentration for extended periods. (Tr. 329). In her narrative, Dr. Taber found Claimant capable of understanding, remembering, and carrying out simple, one and two step tasks. She estimated Claimant's current range of intellectual functioning as borderline. She also concluded Claimant's intellectual capacity, along with moderate depression would likely impact her abilities. Claimant's memory skills were below average. Claimant was found to be able to concentrate for at least 2 hours at a time. (Tr. 331).

On August 25, 2008, Claimant was evaluated for mental status by Dr. Denise LaGrand. Upon testing, Claimant's immediate auditory memory of numeric information and auditory mathematic ability was below average. (Tr. 315-16). Dr. LaGrand diagnosed Claimant with major depressive disorder, moderate; rule out borderline intellectual functioning; and a GAF of 55. She estimated Claimant's IQ as between 70 and 79. Claimant's overall cognitive functioning was "fairly low." (Tr. 316). Her memory skills were found to be below average. No significant problems with persistence or pace

6

were noted.  Claimant's IQ was estimated in the borderline range. Her functioning was consistent with her educational and job history and her estimated IQ.  Her ability to follow instructions was below average.  Her ability to maintain appearance, communicate, and interact in a socially adequate manner, and function independently was good.  Her capacity to be reliable, cope with the typical mental/cognitive demands of basic work-like tasks, sustain concentration and persistence on basic tasks, and complete work-like tasks within an acceptable timeframe was below average.  Claimant's judgment was deemed adequate.  Her overall low level of functioning suggested organic impairment to Dr. LaGrand.  Dr. LaGrand concluded Claimant's "overall level of cognitive functioning is not likely to change significantly, but job training, adult basic education or vocational rehabilitation may help her learn skills she can use to be successful in a structured work setting."  (Tr. 317).

Given the manner in which the ALJ cited to both Dr. Taber's and Dr. LaGrand's reports, her failure to specifically state the weight given to Dr. LaGrand's report is not fatal to the decision.  The ALJ afforded Dr. Taber's report the greatest weight and since the ALJ believed Dr. LaGrand's report supported Dr. Taber's report, the weight can be presumed to be the same.  The problem with the ALJ's consideration of Dr. LaGrand's report is the ALJ's practice of adopting portions of the report which supports her RFC determination

and Dr. Taber's findings and ignoring the portions of the report which suggest more significant limitations than found by the ALJ.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall fully discuss Dr. LaGrand's findings, explain the weight given the opinion, and explain the basis for the rejection of any of the findings, whether they favor disability or non-disability.

Claimant also contends the GAF scores should have been discussed. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss

a GAF alone is insufficient to reverse an ALJ's determination of non-disability.  *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)).  The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere.  Lee, *supra* at 3.  However, a GAF of 50 or less does suggest an inability to keep a job.  Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)).  Specifically, the DSM-IV-TR, explains that a GAF score between 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, inability to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).  A GAF of between 31 and 40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed person avoids friends, neglects family, and is unable to work . . . ." while a GAF between 41 and 50 encompasses a person who shows "[s]erious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any

serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job)." Id. While Dr. LaGrand found a GAF of 55, other sources have indicated consistently low GAF scores of 49, 50, and 46. (Tr. 235, 245, 397). Given this consistency, the ALJ shall discuss the effect these low scores might have upon her RFC determination on remand.

Claimant also asserts the ALJ failed to weigh the report of a consultative examiner on Claimant's physical condition, Dr. Seth Nodine. Dr. Nodine did find Claimant to have positive Tinel's and Phalen's testing. (Tr. 322). In the decision, the ALJ only referenced the aspects of Dr. Nodine's report which supported a finding of non-disability. Moreover, the ALJ simply references the report without stating whether she adopted Dr. Nodine's findings or what weight she gave to the opinion. On remand, the ALJ shall re-evaluate Dr. Nodine's opinion.

## Step Two and Three Evaluation

Claimant contends the ALJ should have found her conditions of carpel tunnel, COPD, right shoulder problems, bronchitis, and bursitis as severe impairments. "[T]he mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003). At

step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms
> shall not alone be conclusive evidence of disability as
> defined in this section; there must be medical signs and

11

findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Claimant has done little more than show that these conditions were diagnosed but has failed to sustain her burden to demonstrate impairment. The record does not support a finding that the cited conditions impair Claimant's ability to engage in basic work activity. No error is attributed to this omission by the ALJ.

### Step Five Evaluation

Claimant contends the ALJ's hypothetical questioning of the vocational expert failed to include all of her impairments and limitations. Given the fact the ALJ failed to properly consider the

totality of the limiting effects of Claimant's psychological conditions cited by Dr. LaGrand, the ALJ shall reformulate her questioning of the vocational expert after re-evaluating the extent of Claimant's mental limitations.

## Credibility Analysis

Claimant asserts the ALJ's credibility findings were flawed. After reconsidering the psychological reports, the ALJ shall re-evaluate her findings as to Claimant's credibility on remand, making the necessary and required affirmative link between such findings and the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE